# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2020

Lyle W. Cayce
Clerk

No. 19-40991
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff—Appellee,

versus

JUAN CARLOS MENDEZ,

Defendant—Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-292-1

Before CLEMENT, HIGGINSON, AND ENGELHARDT, CIRCUIT JUDGES.

PER CURIAM:*

Juan Carlos Mendez appeals the within-guidelines sentence of 84 months in prison imposed following his guilty plea conviction of conspiracy to harbor an alien within the United States. *See* 8 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40991

§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(iii), & (a)(1)(B)(i).  Mendez contends that his sentence is substantively unreasonable because the district court failed to account sufficiently for his role as caretaker for certain members of his family.

We review a preserved challenge to the substantive reasonableness of a sentence under the abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Mendez requested a 37-month term of imprisonment, thus preserving his challenge. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764, 766–67 (2020).

In setting a sentence, the district court considered Mendez's discussion of his family difficulties and the assistance he provides to family members.  The district court also weighed Mendez's lengthy and repetitious criminal history.  Mendez fails to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).  Ultimately, Mendez simply disagrees with the sentence chosen by the district court and so fails to overcome the presumption that the district court imposed a reasonable sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  He thus also fails to show that the district court abused its discretion in setting the within-guidelines sentence. *See Gall*, 552 U.S. at 51; *Jenkins*, 712 F.3d at 214.

The judgment is AFFIRMED.